UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**UNITES STATES OF AMERICA**,

v.

Lumni Zhuta,
Kamila Zysk,
Mohamed El-Sabawi,
Paul DiPilato,
Tommy Raguso, and
Shaaban Abdalaal,

           Defendants.

**Hon. Hugh B. Scott**

**09CR357A**

**Report
&
Recommendation**

Before the Court are the following motions: defendant Zysk's omnibus motion (Docket No. 45); defendant Zhuta's motion for particularization and discovery (Docket No. 80); defendant Zhuta's motion to dismiss the indictment (Docket No. 82); defendant Zysk's motion joining in defendant Zhuta's motion to dismiss (Docket No. 96); the United States' motion to strike defendant Zhuta's motion papers (Docket No. 94); and defendant Zhuta's motion to reschedule oral argument (Docket No. 106).[1]

---

[1] The defendants' motions for particularization and other discovery issues are the subject of a separate Decision & Order.

1

## Background

In an indictment dated October 28, 2009, defendant Lumni Zhuta ("Zhuta"), along with Kamila Zysk, Mohamed El-Sabawi, Paul DiPilato, Tommy Raguso, and Shaaban Abdalaal, were charged with conspiracy to import marijuana and hashish into the United States in violation of 21 U.S.C. §952(a), §960(a)(1) and §960(b)(2)(G) and §963 [Count 1]. All six defendants were also charged with unlawfully importing marihuana and hashish into the United States from Canada in violation of 21 U.S.C. §952(a), §960(a)(1), §960(b)(4) and 18 U.S.C. §2 [Count 2]; unlawful possession of marijuana and hashish in violation of 21 U.S.C. §841(a)(1), §841 (b)(1)(C), §846 and 18 U.S.C. § 2 [Count 3]; and fraudulently importing merchandise (marijuana and hashish) in violation of 18 U.S.C. §545 and §2 [Count 4].

**Motion to Strike**

The government seeks to strike the defendant's motion on the grounds that they impermissibly exceed the page limitations set forth in the Local rules of Criminal Procedure for the Western District of New York (Docket No. 94).

Counsel for defendant Zhuta, Mark J. Mahoney, Esq. ("Mahoney"), filed a motion for permission to exceed the page limitations set forth in Local Rule 49.1(e). That provision states that "[w]ithout prior approval of the Court, briefs or memoranda in support of or in opposition to any motion shall not exceed twenty-five pages in length and reply briefs shall not exceed ten pages in length." It is the common practice in this District for defense counsel to file an omnibus motion seeking various forms of relief with a consolidated legal memorandum in support of the motion. Thus, in his motion to exceed the page limitations of Rule 49.1, Mahoney requested "permission

to file an oversized memorandum in support of *these motions* in excess of the 25 page limit."
(Docket No. 77 at ¶ 2)(suggesting that counsel was requesting to exceed the page limitation by
filing one memorandum). Mahoney stated that he wished to brief constitutional arguments which
would require extensive briefing. Mahoney stated that he would make "every effort" to make the
product as concise as possible" and requested permission "to file memorand*a totaling* 75
pages." (Docket No. 77 at ¶ 4)(again suggesting that even if counsel was going to file multiple
memoranda, they would total 75 pages).

The Court determined that the charges and issues in this case did not appear to be novel
or complex, and noted that two co-defendants each charged similarly as Zhuta had already filed
omnibus motions without need to exceed the Rule 49.1 page limitations. Notwithstanding, to
afford the defendant more than ample opportunity to fully brief his legal arguments, the Court
granted the defendant permission to "submit memoranda totaling 40 pages." (Docket No. 79).

Notwithstanding this ruling, Zhuta filed the following motions papers: a "Motion for
Particularization and Discovery" *totaling 18 pages* (Docket No. 80); a memorandum of law in
support of the motion for particularization and discover *totaling 18 pages* (Docket No. 81); a
"Motion to Dismiss" with an attached "Affirmation" *consisting entirely of legal argument
totaling 59 pages* (Docket No. 82); and a memorandum of law in support of the motion to
dismiss with *another 39 pages of legal argument* and 300 plus pages of exhibits. (Docket No.
83). Thus, *98 pages of legal argument* were submitted in support of the motion to dismiss. In
all, the defendant submitted memoranda (whether labeled a "memorandum" or an "affirmation")
containing *116 pages of legal argument* (in addition to hundreds of pages of exhibits). This is
unequivocally contrary to the Court's June 25, 2010 Order (Docket No. 77) and well beyond

what was reasonably necessary to advance the legal arguments raised by the defendant in this case.

Notwithstanding the above, to move this case forward in the interest of judicial economy, and inasmuch as the government has been able to respond to the substance of the motion to dismiss, the motion to strike is denied.

**Motion For Oral Argument**

The initial scheduling order in this case required defense motions to be filed by February 1, 2010 with oral argument on March 1, 2010. (Docket No. 24). Defendant Zhuta, and other defendants, requested an extension of time to file motions (Docket No. 47). An amended scheduling order was issued allowing for defense motions to be filed on April 2, 2010 with oral argument on April 22, 2010. (Docket No. 51). Defendant Zhuta again requested an extension of time to file motions (Docket No. 54). This motion was granted and a third scheduling order was issued providing for motions to be filed by June 28, 2010 with oral argument set for July 15, 2010. (Docket No. 74).

As discussed above, defendant Zhuta filed a motion seeking to submit legal memoranda totaling 75 pages in support of his motions. (Docket No. 77). The Court granted the motion only to the extent that the defendant was allowed to submit legal memoranda totaling 40 pages. (Docket No. 79). Notwithstanding, defendant Zhuta filed legal memoranda totaling at least 116 pages, with hundreds of pages of exhibits. (Docket Nos. 80, 81, 82 and 83). The government filed a motion to strike the papers. (Docket No. 94). Thus, oral argument on July 15, 2010 dealt with the motion to strike and not the substance of the defendant's motions. A new date for oral

argument of the defendant's motions was set for September 9, 2010. (See Docket entry dated July 15, 2010). It appears that due to conflicts on the part of the Court calendar and counsel for one of the defendants, the oral argument date was moved from September 9, 2010 to September 16, 2010, and again to September 23, 2010. Defendant Zhuta's counsel notified the Court, by email, that he had a conflict on September 23, 2010, but that he would be free in the afternoon of September 29, 2010 or at any time during the remainder of that week. On September 20, 2010, pursuant to this request by Zhuta's counsel, all counsel were notified by the Court, via email, that the new date for oral argument would be September 30, 2010 at 10:30 a.m., one of the dates suggested by Zhuta's counsel. Counsel for Zhuta failed to appear for oral argument or otherwise contact the Court on September 30, 2010. The Court deemed the motions submitted on that date. (See Docket entry dated September 30, 2010).

On October 18, 2010, defendant Zhuta filed a motion to "return the pretrial motions to prior status and set a new date for oral argument." (Docket No. 106). Counsel for the remaining defendants have not joined in the request. The Court has determined, upon review of the hundreds of pages of legal argument, as well as the hundreds of pages of exhibits, that oral argument is not necessary in this case. Counsel for defendant Zhuta has failed to articulate any argument that is not more than adequately addressed in the voluminous papers already submitted. The motion to set a new oral argument date is denied.

**Motion to Dismiss**

Defendant Zhuta has filed a motion seeking to dismiss the indictment (Docket No. 82) on the grounds that: (1) the classification of marijuana as a Schedule I substance in the Federal

5

Controlled Substances Act ("CSA") [21 U.S.C. §801 et seq.] is arbitrary and irrational; (2) the Attorney General has failed to abide by the procedures required by the CSA in failing to reclassify marijuana from Schedule I; and (3) the statutes invoked in this case are unconstitutional under the Tenth Amendment to the United States Constitution. (Docket No. 82). Defendant Zysk joins in this motion (Docket No. 96).

**Classification of Marijuana under Schedule I**

As to the arbitrariness and irrationality of the classification of marijuana as a Schedule I drug, the defendant argues that marijuana does not have a high potential for abuse; that it has been approved for medical uses; that it is dissimilar to more dangerous substances; and that identical conduct relating to alcohol and tobacco is not illegal. (Docket No. 83 at pages 1-10). These arguments have been repeatedly rejected. The Second Circuit, in United States v. Kiffer, 477 F.2d 349 (2d. Cir. 1973) stated that even if the Court were to find that marijuana is no more harmful than alcohol or tobacco, it would not render the statute unconstitutional. Kiffer, 477 F.2d. at 355 (rejecting irrationality argument, holding: "If Congress decides to regulate or prohibit some harmful substances, it is not thereby constitutionally compelled to regulate or prohibit all. It may conclude that half a loaf is better than none."). Similar arguments were also rejected by the Eighth Circuit in United States v. White Plume, 447 F.3d 1067 (8th Cir. 2006) citing United States v. Fogarty, 692 F.2d 542, 547 (8th Cir.1982). In Fogarty, the Court addressed the argument that the CSA's classification of marijuana as a Schedule I drug was unconstitutionally irrational and arbitrary because marijuana, (as is argued in the instant case), does not meet the criteria for Schedule I drugs because it did not have a high potential for abuse.

The Eight Circuit held that "'the judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines.'" Fogarty, 692 F.2d. at 547 (quoting New Orleans v. Dukes, 427 U.S. 297, 303 (1976)). The Court in Fogarty reasoned that "the ongoing debate about the physical and psychological effects of marijuana and whether it had any medicinal value was a sufficiently rational reason for Congress to include marijuana on Schedule I." Fogarty, 692 F.2d. at 547-48. The Eighth Circuit held:

> Thus, even assuming, arguendo, that marijuana has some currently accepted medical uses, the Schedule I classification may nevertheless be rational in view of countervailing factors such as the current pattern, scope, and significance of marijuana abuse and the risk it poses to public health. See 21 U.S.C. § 811(c)(1)-(8). Finally, it should be noted that under Section 811 Congress has provided a comprehensive reclassification scheme, authorizing the Attorney General to reclassify marijuana in view of new scientific evidence. In establishing this scheme, Congress provided an efficient and flexible means of assuring the continued rationality of the classification of controlled substances, such as marijuana.

Fogarty, 692 F.2d. at 548. The Eighth Circuit affirmed this rationale in White Plume, 447 F.3d. at 1075-1076. The rationale set forth in Kiffer, Fogarty and White Plume remains sound. Thus, the defendants' motions to dismiss the indictment on this ground should be denied.

**Reclassification by the Attorney General**

The defendants argue that the Attorney General is required to reclassify marijuana to remove it as a Schedule I drug under the CSA. The defendants points to §811(b) and (c) of the CSA, which provide that the Attorney General *"shall"* consider various factors before making a determination to add or remove a substance to one of the Schedules. (Docket No. 83 at page 10-

7

12). The defendants argue that groups advocating for legalization of marijuana have provided the Attorney General with information which requires that he initiate procedures regarding reclassification. However, the government argues that the CSA provides the Attorney General discretion as to whether to add or remove a substance from the Schedules. In this regard, the government points to the fact that §811 (a) states that the Attorney General *"may"* add or remove a substance from one of the Schedules. (Docket No. 101 at page 6). The language of the statute suggests that if the Attorney General were to exercise his or her discretion to add or remove a substance from one of the Schedules, he or she shall consider certain factors pursuant to §811(b) and (c). However, the statute does not state an affirmative duty on the part of the Attorney General to initiate such a process, but instead, pursuant to §811(a), delegates the Attorney General discretion to do so.

It has been held that it is not for the Court to reclassify marijuana out of the Schedule I category but that "our inquiry is limited to the question of whether classification ... is irrational or unreasonable." United States v. Burton, 894 F.2d 188 (6th Cir. 1990) quoting United States v. Whitley, 734 F.2d 1129, 1141 (6th Cir.1984). The Court in Burton held that "it has repeatedly been determined, and correctly so, that reclassification is clearly a task for the legislature and the attorney general and not a judicial one." Burton, 894 F.2d. at 192 citing United States v. Greene, 892 F.2d 453 (6th Cir. 1989); United States v. Wables, 731 F.2d 440, 450 (7th Cir.1984); United States v. Middleton, 690 F.2d 820, 823 (11th Cir.1982). The initial classification of marijuana as a Schedule I substance was made by the Congress in 1970 at the time the CSA was enacted. The Act provides the Attorney General of the United States with the authority to classify or reclassify substances. 21 U.S.C. § 811. That authority has been delegated to the Administrator of the Drug

Enforcement Administration. 28 C.F.R. § 0.0100(b). Administrative review of the propriety of classifications may be had in the D.C. Circuit. See generally Alliance for Cannabis Therapeutics v. Drug Enf. Admin., 15 F.3d 1131, 1133 (D.C.Cir.1994).

The defendants' argument that the CSA *requires* the Attorney General to reclassify marijuana to remove it from being listed as a Schedule I drug has been consistently rejected. For example, in United States v. Rosa, 562 F.2d 205 (2d. Cir. 1977), the Second Circuit held that §811 provides the Attorney General with discretion and does not mandate reevaluation of the status of each controlled substance:

> 21 U.S.C. §811(a) provides in part that, ". . . the Attorney General may by rule (2) remove any drug or other substance . . . if he finds that the drug or other substance does not meet the requirements for inclusion in any schedule" (emphasis added). We read this to provide the Attorney General with discretion and not to mandate the annual reevaluation of the status of each controlled substance.

Rosa, 562 F.2d. at 206 citing United States v. Eddy, 549 F.2d 108, 113 (9th Cir. 1976).

Similarly, in United States v. Wables, 731 F.2d 440 (7th Cir. 1984) the Court discussed §811 of the CSA and held:

> Several circuits have interpreted this provision to grant the Attorney General discretion and "not to mandate the annual reevaluation of the status of each controlled substance." ... We find this interpretation persuasive, and we hold that the proper statutory classification of marijuana is an issue that is reserved to the judgment of Congress *and to the discretion* of the Attorney General.

Wables, 731 F.2d. at 449 (emphasis added). See also United States v. Alexander, 673 F.2d 287 (9th Cir. 1982)(The Act permits the Attorney General "to exercise his discretion within certain perimeters to transfer a substance. ... There is no requirement to do so."); United States v. Erwin,

9

602 F.2d 1183, 1185 (5th Cir. 1979)([The defendants] contend that the Attorney General has acted arbitrarily and unreasonably by refusing to reclassify the drug in the face of evidence of its relative harmlessness. The statute however by its terms merely permits the Attorney General to exercise his discretion within certain perimeters to transfer a substance. ... There is no requirement to do so. These statutory procedures for administrative reclassification are constitutionally sound."); United States v. Creswell, 515 F.Supp. 1268, 1271 (E.D.N.Y.1981)(DEA's decision not to reclassify marijuana was not arbitrary nor an abuse of discretion in view of the continued controversial effects of marijuana); Alliance For Cannabis Therapeutics v. Drug Enforcement Administration, 15 F.3d 1131, 1137 (D.C. Cir.1994)(holding that DEA decision not to reclassify marijuana from Schedule I to Schedule II was not arbitrary).

The defendants' motions to dismiss the indictment on the grounds that the Attorney General failed to reclassify marijuana to remove it from Schedule I should be denied.

**Tenth Amendment Claim**

The defendants argues that the use of marijuana is a "victimless activity," and therefore, statutes prohibiting its use (and by extension, its cultivation and sale) are unconstitutional. (Docket No. 83 at pages 19-37). The defendants cite to Griswold v. Connecticut, 381 U.S. 479 (1965) (Docket No. 83 at page 19) and a host of historical resources in support of this argument.[2] Again, these arguments have been previously rejected by the Courts. The Tenth Amendment

---

[2] Among other authorities, the defendant cites to the *"Reports of Cases Argued and Adjudged in the Superior Court of Judicature of the Province of Massachusetts Bay, Between 1761 and 1772"* ; the Federalist Papers; Blackstone's Commentaries, 1765-1769; and *"the Debates in the Federal Convention of 1787"* (Hunt and Scott Ed. 1920). (Docket No. 82 at pages 1-16).

states, "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend X. The purpose of this Amendment is to "allay fears that the new national government might seek to exercise powers not granted, and that the states might not be able to exercise fully their reserved powers." United States v. Darby, 312 U.S. 100, 124 (1941). Laws that affect the health and welfare of citizens have traditionally fallen under the police powers reserved to the States. Whenever Congress acts pursuant to one of its enumerated powers, however, it may displace the States' exercise of police powers. See Hodel v. Va. Surface Mining and Reclamation Ass'n, Inc., 452 U.S. 264, 291 (1981). Generally, then, "if Congress acts under one of its enumerated powers, there can be no violation of the Tenth Amendment." United States v. Jones, 231 F.3d 508, 515 (9th Cir.2000). There is no recognized fundamental right to cultivate, possess, sell or use marijuana. In Kiffer the Second Circuit rejected the argument that there was a fundamental right to use marijuana:

> appellants assert the existence of a fundamental "right of the individual to control of his own body and to indulge in private in what may be condemned in public or deemed immoral or unacceptable to society at large." In support of this proposition they cite the Supreme Court decisions in Griswold v. Connecticut, supra, and Stanley v. Georgia ... , respectively invalidating convictions for use of contraceptives and for private possession of obscene materials. These cases are of little assistance to appellants. Whatever may be the merits of a claim to a protected right by one who is prosecuted for the private possession or use of marihuana, appellants are not in that position. They stand convicted, not of simple possession or use of marihuana, see 21 U.S.C. § 844(a), but rather of possession of two tons of it with intent to distribute, and of conspiracy to do so. Thus, analogies to the holdings of Griswold and Stanley are inappropriate.

Kiffer, 477 F.2d. at 352. Thus, the Second Circuit held that "there is no colorable claim of a

fundamental constitutional right to sell marijuana." Kiffer, 477 F.2d at 352-353. See also United States v. White, 124 F.3d 214 (9th Cir. 1997)("We also reject White's contentions that the cultivation of marijuana is an unenumerated right protected by the Ninth Amendment) citing See Bowers v. Hardwick, 478 U.S. 186, 192 (1986) ("victimless crimes, such as the possession and use of illegal drugs, do not escape the law where they are committed at home.").

Significantly, the United States Supreme Court's decision in Gonzales v. Raich, 545 U.S. 1, 32-33 (2005), holding that the Federal criminalization *even of intrastate* cultivation and use of marijuana is a proper exercise of Congress' Commerce Clause power, appears to preclude the defendants' Tenth Amendment claims. See Raich v. Gonzales, 500 F.3d 850 (9th Cir. 2007)(The Supreme Court held in Gonzales v. Raich that Congress acted within the bounds of its Commerce Clause authority when it criminalized the purely intrastate manufacture, distribution, or possession of marijuana in the Controlled Substances Act. ... Thus, after Gonzales v. Raich, it would seem that there can be no Tenth Amendment violation). See also United States v. Norton, 2010 WL 2757033 (N.D.Cal. 2010)(Raich holds that Federal criminalization of marijuana is a proper exercise of Congress' Commerce Clause power.); Stubblefield v. Gonzales, 150 Fed.Appx. 630 (9th Cir. 2005)(regulation of the manufacture and possession of marijuana was squarely within Congress's commerce power, and growers and users had no Ninth or Tenth Amendment right to manufacture and possess marijuana even for medicinal purposes inasmuch as CSA did not exceed Congress's power to regulate interstate commerce.).

Based on the above, the defendant's motion to dismiss the indictment based upon Ninth and Tenth Amendment claims should be denied.

## Conclusion

In light of the above, it is recommended that the motions to dismiss the indictment be denied in its entirety.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
October 29, 2010