UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITES STATES OF AMERICA,

                           **Hon. Hugh B. Scott**

          v.                   **09CR357A**

                            **Decision**
                              **&**
                            **Order**

Lumni Zhuta,
Kamila Zysk,
Mohamed El-Sabawi,
Paul DiPilato,
Tommy Raguso, and
Shaaban Abdalaal,

                    Defendants.
_____

Before the Court is a motion on behalf of defendant Lumni Zhuta for authorization to serve pretrial subpoenas under Rule 17(c) of the Federal Rules of Criminal Procedure. (Docket No. 151).

**Background**

In an indictment dated October 28, 2009, defendant Lumni Zhuta ("Zhuta"), along with Kamila Zysk, Mohamed El-Sabawi, Paul DiPilato, Tommy Raguso, and Shaaban Abdalaal, were charged with conspiracy to import 100 kg or more of marijuana and hashish into the United States in violation of 21 U.S.C. §952(a), §960(a)(1) and §960(b)(2)(G) and §963 [Count 1]. All six defendants were also charged with unlawfully importing marihuana and hashish into the

1

United States from Canada in violation of 21 U.S.C. §952(a), §960(a)(1), §960(b)(4) and 18 U.S.C. §2 [Count 2]; unlawful possession of marijuana and hashish in violation of 21 U.S.C. §841(a)(1), §841 (b)(1)(C), §846 and 18 U.S.C. § 2 [Count 3]; and fraudulently importing merchandise (marijuana and hashish) in violation of 18 U.S.C. §545 and §2 [Count 4].

As part of the alleged conspiracy, a truck coming from Canada was stopped at the United States boarder and found to contain approximately 30 kg of marijuana. It appears that, with the exception of Zhuta, each of the defendants has pled guilty in this case. Counsel for Zhuta has represented that the defense has no information as to the basis for the allegation that the conspiracy sought to import more than 100 kg of marijuana. The government has represented that the evidence as to the weight involved in the conspiracy will come primarily from testimony provided by witnesses, including the co-defendants. The government further represents that it will provide a witness list and summaries with the pretrial disclosure ordered by the District Court, which, pursuant to local practice, is made 30 days prior to trial. Because the defendant has not been provided with the salient details of that testimony at this time, the defendant argues that he will be unable to effectively challenge that testimony at trial. For example, the defendants asserts that if a co-defendant were to testify that he or she met with Zhuta on a certain date in a certain location, the defendant would not be prepared to challenge that testimony without seeking an adjournment to investigate whether evidence exists to suggest that either Zhuta or the witness could not have been present at the location of the purported meeting as testified by the witness. The defendant asserts that 30 days is not sufficient time to properly investigate the presumed testimony of the co-conspirators. Thus, the defendant seeks authority to issue pretrial subpoenas under Rule 17(c). The defendant purports to serve each co-defendant with a subpoena seeking

the following documents relating to the time period of the alleged conspiracy: "bank records, phone records, test messages, travel records, email messages, social networking messages, diary or planner entries, account records, credit card statements, EZ-Pass account records, receipts of commercial transactions, any documents related to the sale or purchase of controlled substances, personal correspondences between those involved, any records of international travel, ledger records or any other transaction records, credit, loan and mortgage applications, life or property insurance applications or policies, utility bills, any other financial records that might indicate participation in the conspiracy." (Docket No. 1521 at ¶16). In addition, the defendant seeks to subpoena third parties such as banks, phone companies, local police agencies in New York and Connecticut, the Department of Homeland Security, and media service providers including Google, Yahoo, Hotmail, Facebook, MySpace and Blackberry.  (Docket No. 151 at ¶¶18-21). The government has represented that it does not possess any of the documents now sought by the defendant, and that it will not rely on such documents at trial. The defendant argues that it seeks documents to rebut issues, which are now unknown, but which might arise during the testimony of the government's witnesses.

  In United States  v. Nixon, 418 U.S. 683 (1974), the Supreme Court held:

> A subpoena for documents may be quashed if their production would be 'unreasonable or oppressive,' but not otherwise. The leading case in this Court interpreting this standard is Bowman Dairy Co. v. United States, ... . This case recognized certain fundamental characteristics of the subpoena duces tecum in criminal cases: (1) it was not intended to provide a means of discovery for criminal cases, ... (2) its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials. [C]ases decided in the wake of Bowman have generally followed Judge Weinfeld's formulation in United States v. Iozia, 13 F.R.D. 335, 338 (SDNY 1952), as to the

> required showing. Under this test, in order to require production
> prior to trial, the moving party must show: (1) that the documents
> are evidentiary and relevent; (2) that they are not otherwise
> procurable reasonably in advance of trial by exercise of due
> diligence; (3) that the party cannot properly prepare for trial
> without such production and inspection in advance of trial and that
> the failure to obtain such inspection may tend unreasonably to
> delay the trial; and (4) that the application is made in good faith
> and is not intended as a general 'fishing expedition.'

Nixon, 418 U.S. at 698-700.

As noted by the Court in U.S. v. Rajaratnam, 2011 WL 507086 (S.D.N.Y. 2011), "Rule 17(c) was not intended to provide a means of discovery in criminal cases. Rajaratnam, 2011 WL 507086 at *1 citing Nixon, 418 U.S. at 698. Rather, "its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." Id. Thus, it is generally settled that under the test adopted by the Supreme Court in Nixon, the proponent of a subpoena returnable before trial "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Rajaratnam, 2011 WL 507086 at *1 citing Nixon, 418 U.S. at 700. See also U.S. v. Sessa, 2011 WL 256330 (E.D.N.Y. 2011)("[c]ourts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16."); U.S. v. Weisberg, 2010 WL 5027537 (E.D.N.Y. 2010)(the subpoena requests are not sufficiently specific to ensure that Rule 17(c) subpoenas are used only to secure for trial certain documents or sharply defined groups of documents and prevent the conversion of the rule into a license for full, civil-style discovery.) Furthermore, it has been held that the sought after documents must be admissible. Sessa, 2011 WL 256330 (E.D.N.Y. 2011).("A Rule 17(c) subpoena may not be used to obtain evidence that is inadmissible at trial.); United States v. Cherry, 876 F.Supp. 547, 552 (S.D.N.Y.1995) ("The

weight of authority holds that in order to be procurable by means of a Rule 17(c) subpoena, materials must themselves be admissible evidence.") U.S. v. Weisberg, 2010 WL 5027537 (E.D.N.Y. 2010)(The relevance and admissibility requirements of Rule 17(c) have not been satisfied because Defendant has not established, nor does it appear that he could establish, that the categories of documents he seeks-which are potentially voluminous-consist of evidence that would tend to prove a material issue in the case or would be admissible at trial.)

The defendant's request for authorization to issue pretrial Rule 17 subpoenas is denied without prejudice. The defendant does not identify a specific document or a narrow group of documents, of which the evidentiary value is clear. Instead, the defendant purports to conduct wide ranging discovery in anticipation of issues which may, or may not, arise at trial. The fact that the government's witnesses may testify as to meetings or conversations with Zhuta does not justify the broad discovery sought in the instant motion. This possibility exists in every conspiracy case involving a cooperating co-conspirator. The defendant will be in a better position to identify any likely issues for which such investigation is needed after disclosure of the government's witness list and summaries. The Court notes that it does not appear that the defendant has yet requested that the District Court alter the local practice in this case to direct that the pretrial disclosures be made more than 30 days prior to trial. In any event, if appropriate, the defendant can raise this issue with the District Court after the trial disclosures are made. At that time, the defendant will be in a position to determine whether issues requiring investigation exist, and if so, the number of actual issues presented and the scope of the investigation needed to address those issues. The District Court, under those circumstances, will be in an informed position to rule on such a request.

In light of the above, the defendant's motion to issue pretrial Rule 17 subpoenas is denied without prejudice.

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
April 6, 2011